# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 11-852V
Filed: December 19, 2014
Not for Publication

*************************************
LINDSEY ANNE MILLER,            *
                                *
       Petitioner,              *   Interim attorneys' fees and costs decision
                                *   based on stipulation of fact
   v.                           *
                                *
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
       Respondent.              *
                                *
*************************************

Patricia A. Finn, Piermont, NY, for petitioner.
Debra A. Filteau Begley, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On December 19, 2014, the parties filed a stipulation of fact in which they agreed on an appropriate amount for interim attorneys' fees and costs in this case.

Petitioner provided a motion for interim attorneys' fees and costs to respondent, seeking $107,238.00 in interim attorneys' fees and costs and $2,350.00 in petitioner's interim costs. During informal discussions, respondent raised objections to certain aspects of petitioner's motion, including objections based on Avera v. Sec'y of HHS, 515 F.3d 1343 (Fed. Cir. 2008), and

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.   When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.   If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

objections to the number of attorney hours sought.   Based on these objections, petitioner amends her application for interim attorneys' fees and costs to $62,350.00, consisting of $60,000.00 in interim attorneys' fees and costs and $2,350.00 in petitioner's interim costs.   Respondent does not object to this amount.   The undersigned finds this amount to be reasonable.   Accordingly, the court awards:

a. **$60,000.00**, representing reimbursement for interim attorneys' fees and costs to date.   The award shall be in the form of a check payable jointly to petitioner and Patricia Finn, Esq. in the amount of **$60,000.00**; and

b. **$2,350.00**, representing reimbursement for petitioner's interim out-of-pocket costs to date.   The award shall be in the form of a check payable jointly to petitioner and her father, Stuart Miller, in the amount of **$2,350.00.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]


**IT IS SO ORDERED.**


Dated: December 19, 2014                                                                    s/ Laura D. Millman
                                                                                                             Laura D. Millman
                                                                                                             Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.