# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 11-852V
Filed: February 28, 2017
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| L.A.M., | \* |
| | \* |
| Petitioner, | \* |
| | \* |
| v. | \* |
| | \* |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

Attorneys' fees and costs decision; reasonable attorneys' fees and costs

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Patricia A. Finn</u>, Piermont, NY, for petitioner.
<u>Debra A. Filteau Begley</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On December 6, 2011, petitioner's father filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012). Petitioner alleged that his daughter's receipt of the human papillomavirus vaccine on December 3, 2008 caused her to develop severe headaches, photophobia, phonophobia, extreme fatigue, dizziness, and gait disturbance. On February 2, 2012, the undersigned granted petitioner's father's motion to substitute his daughter as petitioner because she had reached the age of majority. On December 19, 2014, the undersigned awarded petitioner $62,350.00 in interim attorneys' fees and costs based

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. Because petitioner requested at trial that the court reporter redact her name to initials, being under the impression that the transcript would be publicly available (which is not the case), the undersigned is cognizant that petitioner would want this decision also to be redacted. Therefore, *sua sponte*, the undersigned redacts it without petitioner's motion.

on the parties' stipulation. The undersigned held a three-day entitlement hearing beginning on July 13, 2015. On January 31, 2017, the undersigned issued a decision dismissing the case for failure to make a prima facie case.

On February 7, 2017, petitioner filed a motion for attorneys' fees and costs, requesting attorneys' fees and costs in the amount of $62,406.40 and personal costs in the amount of $10,181.45, for a total request of $72,587.85.

On February 24, 2017, respondent filed a response to petitioner's motion explaining that he is satisfied this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B). Resp. at 2. Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1). It is not necessary for a petitioner to prevail in the case-in-chief in order to receive a fee award as long as petitioner brought the claim in "good faith and there was a reasonable basis for the claim." Id. The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds that petitioner's attorneys' fees and costs request is reasonable. Therefore, the undersigned **GRANTS** petitioner's Motion for Attorneys' Fees and Costs. **Accordingly, the court awards:**

a. **$62,406.40**, representing attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and Patricia Finn Attorney, P.C. in the amount of **$62,406.40**; and

b. **$10,181.45**, representing petitioner's costs. The award shall be in the form of a check made payable to petitioner for **$10,181.45.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: February 28, 2017                             s/ Laura D. Millman
                                                                      Laura D. Millman
                                                                        Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.